## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOSEPH DON HUTCHISON,**

     **Plaintiff,**

**v.**

**MICHAEL RIDEN, JOHN MCPEEK,**
**and CITY OF HARRISBURG, IL,**

     **Defendants.**

**Case No. 22-CV-00440-SPM**

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This case is now before the Court for consideration of Plaintiff Joseph Don Hutchison's Motion for Leave to Proceed *in forma pauperis* ("IFP") (Doc. 4). On March 4, 2022, Hutchison filed a Complaint against Defendants City of Harrisburg, Illinois; Michael Riden, the Chief of Police of Harrisburg; and John McPeek, the Mayor of Harrisburg. Both Riden and McPeek are named in their individual and official capacity. Along with his Complaint, Hutchison filed a Motion to Proceed IFP (Doc. 4), a Motion for Service of Process at Government Expense (Doc. 5), and a Motion for Recruitment of Counsel (Doc. 6).

As background, Hutchison alleges that Riden and McPeek disliked him because, as a citizen, he attempted to jumpstart an investigation of a statement by McPeek about $7,500 missing from the city's water department account (Doc. 3, p. 2). Hutchison's suit centers on a city council meeting he claims he, Riden, and McPeek later attended (*Id.*). Hutchison states that during his scheduled time to speak at the

meeting, "city councilman Rupert Johnson yelled out …I think you are a Fu**ing racist, at which time Mayor McPeek instructed Chief Riden to 'get him out of here'" (*Id.* at 3). Hutchison asserts that Riden arrested him without cause and detained him in the basement of City Hall for twenty minutes before he was released (*Id.*). Hutchison alleges violations of his right under the First Amendment "to freely speak at the City Council meeting" and due process right under the Fourteenth Amendment for the arrest and detention (*Id.*). Hutchison also alleges a *Monell* claim against the City of Harrisburg, claiming that the constitutional violations he suffered were part of the official policy in Harrisburg (*Id.* at 4).

Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees if the movant "submits an affidavit that includes a statement of all assets he [or she] possesses [showing] that he [or she] is unable to pay such fees or give security therefor." Furthermore, Section 1915(e)(2) requires careful threshold scrutiny of the complaint filed by an IFP plaintiff. The Court must dismiss any complaint if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.*; *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Thus, resolution of Hutchison's Motion to Proceed IFP requires this Court to closely review the allegations of his petition. While Hutchison appears to be indigent and has signed his affidavit attesting to his

indigency (Doc. 4), Hutchison's Complaint fails the additional level of review demanded by 28 U.S.C. § 1915(e)(2). *See Hoskins*, 320 F.3d at 763.

Hutchison claims that Riden and McPeek violated his First Amendment right because, during his allotted time speaking in the board meeting, he was arrested and detained. "The freedom of expression protected by the First Amendment is not inviolate; the Supreme Court has established that the First Amendment does not guarantee persons the right to communicate their views 'at all times or in any manner that may be desired.'" *Heffron v. International Soc'y for Krishna Consciousness*, 452 U.S. 640, 647 (1981). City commission meetings may restrict access by content-neutral conditions for the time, place, and manner of access. *See Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 45–46 (1983). Hutchison's Complaint makes murky factual statements and conclusory allegations regarding a violation. Without more, these allegations merely suggest the sheer possibility that the Defendants acted unlawfully, rather than providing a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (internal citations omitted*). See also Walton v. Walker*, 364 F. App'x 256, 258 (7th Cir. 2010) (citing *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009)) ("before subjecting defendants to 'paranoid pro se litigation . . . alleging . . . a vast, encompassing conspiracy,' the plaintiff must meet a 'high standard of plausibility'").

Hutchison next claims that Riden violated his Fourteenth Amendment due process right when Riden falsely arrested and imprisoned him. However, "a victim of

a property or liberty deprivation who has recourse to an adequate state remedy has not been denied 'due process of law." *Guenther v. Holmgreen,* 738 F.2d 879, 881 (7th Cir.), *cert. denied,* 469 U.S. 1212 (1985). Hutchison's Fourteenth Amendment claim is frivolous because he alleges that he was deprived of liberty without due process of law even though Illinois provides adequate remedies for false arrest and false imprisonment. *See Hood v. City of Chicago*, 927 F.2d 312, 314 (7th Cir. 1991).

Lastly, because Hutchison's claims of constitutional violations are insufficiently alleged in one case and completely foreclosed in another, his *Monell* claim alleging that the existence of a municipal policy caused the constitutional violations does not survive either. Furthermore, a single incident of unconstitutional behavior by a municipal employee is insufficient to hold the city liable except in the rarest of circumstances, which are not applicable here, and, therefore, Hutchison's *Monell* claim is frivolous as well. *See Connick v. Thompson*, 563 U.S. 51, 64 (2011); see also *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985) (citing *Powe v. City of Chicago,* 664 F.2d 639, 650 (7th Cir. 1981)).

## CONCLUSION

For the foregoing reasons, Plaintiff Joseph Don Hutchison's Motion for Leave to Proceed *in forma pauperis* (Doc. 4) is **DENIED.** Hutchison's First Amendment claim is **DISMISSED without prejudice** for failure to state a claim under which relief may be granted. *See* 28 U.S.C. § 1915(e)(2). Hutchison's Fourteenth Amendment claim and *Monell* claim are **DISMISSED with prejudice** as frivolous. The Clerk of Court shall **TERMINATE** the City of Harrisburg, Illinois as a party to

Page 4 of 5

this suit. Hutchison's Motion for Service of Process at Government Expense (Doc. 5) and Motion for Recruitment of Counsel (Doc. 6) are **DENIED** as **MOOT**.

While Hutchison's Fourteenth Amendment claim and *Monell* claim may not be re-plead, he may file a First Amended Complaint in this case by **June 2, 2022** if he wishes to re-plead his First Amendment claim. Failure to do so shall result in dismissal of this action with prejudice for failure to comply with a court order and/or failure to prosecute his claim. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). The First Amended Complaint must stand on its own, without reference to any previous pleading. The amended complaint is also subject to review under 28 U.S.C. § 1915(e)(2). No service shall be ordered until review is completed.

**IT IS SO ORDERED.**

**DATED:** May 12, 2022

<u>s/ *Stephen P. McGlynn*</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**